# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

        Petitioner,

        **-vs-**                      **Case No. 15-CV-1395**

**ERIK FOSSUM,**

        Respondent.

## DECISION AND ORDER

The *pro se* petitioner, Robert L. Tatum, is a Wisconsin state prisoner. He has filed a petition for a writ of mandamus. This matter comes before the Court on Tatum's petition for leave to proceed *in forma pauperis.* Tatum has been assessed and paid an initial partial filing fee of $6.14. *See* 28 U.S.C. § 1915(b).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in

law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at

- 2 -

570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In his mandamus petition, Tatum requests that the Court compel the respondent, United States Supreme Court Deputy Clerk Erik Fossum, to immediately file his petition for writ of mandamus in the United States Supreme Court. Tatum alleges that Fossum refused to file Tatum's petition despite its compliance with Supreme Court Rules, in violation of Tatum's right and Fossum's duty to file complaint papers. The Supreme Court mandamus petition stems from Tatum's motion to disqualify Judge

- 3 -

Randa in *Tatum v. Clarke, et al.*, Case Number 11-cv-1131-RTR (E.D. Wis.).

In that case, on October 13, 2015, Judge Randa denied Tatum's motion to disqualify judge under 28 U.S.C. § 455(a) and 28 U.S.C. § 144. Tatum filed a petition for a writ of mandamus to the Seventh Circuit Court of Appeals and on October 22, 2015, the court of appeals denied Tatum's petition for writ of mandamus to appeal Judge Randa's denial of Tatum's motion for disqualification in Case Number 11-cv-1131-RTR. (Docket No 1 at 18; In Re: Robert L. Tatum, No. 15-3297, October 22, 2015.)

Tatum alleges that on November 3, 2015, he submitted his writ of mandamus petition to the Supreme Court. He states that his submission fully complied with the Supreme Court Rules. Tatum asserts that Fossum returned the petition and refused to file it, stating that the petition did not show how the writ would aid appellate jurisdiction, exceptional circumstances, and why adequate relief could be obtained in any other forum or from any other court. Tatum disagrees with Fossum, and he contends that he has a clear right of access to the Supreme Court. He requests that this Court require and command Fossum to perform his duty and file Tatum's petition, citing 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary

- 4 -

or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

Mandamus is an "extraordinary remedy." *See Scalise v. Thornburgh*, 891 F.2d 640, 648 (7th Cir. 1989) (citing *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987)). "A party seeking a writ of mandamus shoulders the burden of showing that a right to relief is clear and undisputable." *Banks v. Sec'y of Ind. Family and Soc. Servs. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993). Accordingly, the Seventh Circuit Court of Appeals has explained that this means that "mandamus jurisdiction is only available 'under exceptional circumstances of clear illegality.'" *Id.* Mandamus jurisdiction can be invoked when: (1) the petitioner has a clear right to the relief sought; (2) the respondent has a clear duty to perform; and (3) no other adequate remedy is available. *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994).

In this case, there is no indication that Tatum has a clear right to have his petition filed in the United States Supreme Court. Tatum has not made the necessary showing, and therefore his petition for mandamus will be denied.

- 5 -

## ORDER

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the plaintiff's motion to disqualify Judge Randa (ECF No. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for court to accept six-month trust account statement filed in other case (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for sanctions (ECF No. 9) is **DENIED**;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin

- 6 -

Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $343.86 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 7 -